IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLAYTON E. YOUNG | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RWT-06-2910 |
| WARDEN KATHLEEN GREEN | * | |
| SECRETARY MARY ANN SAAR | | |
| Respondents. | * | |
| | *** | |

**MEMORANDUM OPINION**

Petitioner filed a "Complaint" with the Court that seeks a writ of mandamus to compel the Secretary for the Department of Public Safety and Correctional Services and the Warden of the Eastern Correctional Institution to allow him to inspect and challenge the records of his Maryland criminal case. He alleges his access to the information is crucial because he is serving an illegal prison sentence. Petitioner's "Complaint" was construed as a 28 U.S.C. § 1361 petition for mandamus relief.

This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations.....It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F. 2d 721, 722-723 (4th Cir. 1989). Under this standard, the instant Petition must be dismissed.

This Court does not have jurisdiction over State employees in an action for writ of mandamus. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); see also 28 U.S.C. § 1361. Further, a writ of mandamus is an extraordinary writ that is only

available in cases where no other means by which the relief sought could be granted. See In re Beard, 811 F.2d 818, 826 (4th Cir.1987). The relief sought in the instant case, to order corrections executives to provide Petitioner access to his state criminal records, is not the only means by which Petitioner may obtain the relief he seeks. He may exhaust the appropriate remedy with prison officials at the institution, headquarters, and the Inmate Grievance Office in order to obtain criminal records available in materials kept by the Division of Correction.. Further, he may avail himself of the Maryland Public Information Act and seek information with the appropriate agency. See Maryland Code Ann., State Gov't, §§ 10-611, et seq.

      Given the availability of an alternative means to obtain the relief sought, the petition for writ of mandamus will be denied. A separate order follows.

Date: 11/22/06                                                           /s/
                                                                     ROGER W. TITUS
                                                   UNITED STATES DISTRICT JUDGE